```
                           FILED
                    CLERK, U.S. DISTRICT COURT

                         4/21/2021

                  CENTRAL DISTRICT OF CALIFORNIA
                  BY: _____eva_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| UNITED STATES OF AMERICA, | No. 8:21-cr-00071-DOC |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Extortion, and Interference with Commerce by Robbery; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| VINCENT RANDAL PIMENTEL and STEVEN GALLEGOS SAENZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A. OBJECT OF THE CONSPIRACY

1. Beginning no later than on or about April 19, 2019, and continuing to on or about April 19, 2019, in Orange County, within the Central District of California, defendants VINCENT RANDAL PIMENTEL and STEVEN GALLEGOS SAENZ, and others known and unknown to the Grand Jury, conspired with each other to knowingly and

intentionally interfere with commerce by robbery and extortion, in violation of Title 18, United States Code, Section 1951(a).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

2.  The object of the conspiracy was to be accomplished, in substance, as follows:

   a.  Defendant SAENZ, and others known and unknown to the Grand Jury, would identify small businesses to extort.

   b.  Defendant SAENZ, and others known and unknown to the Grand Jury, would approach certain small businesses, claim to be "mafia," and make an extortionate demand for payment of "taxes," i.e., a periodic payment of money.

   c.  Defendants PIMENTEL and SAENZ, and others known and unknown to the Grand Jury, would rob those small businesses that refused to pay "taxes."

C.  **OVERT ACTS**

3.  In furtherance of the conspiracy, and to accomplish its object, on or about April 19, 2019, defendants PIMENTEL and SAENZ, and others known and unknown to the Grand Jury, committed various overt acts in Orange County, within the Central District of California, including, but not limited to, the following:

   **Overt Act No. 1:**  Defendant SAENZ and an unindicted co-conspirator went to Video Star, located at 700 East First Street, Santa Ana, California, a retail video rental business, and told the owner of Video Star that they were "mafia."

   **Overt Act No. 2:**  Defendant SAENZ and an unindicted co-conspirator made an extortionate demand upon the owner of Video Star to pay "taxes."

<u>Overt Act No. 3</u>:   Defendant SAENZ entered Video Star to examine its layout and security system in anticipation of a planned robbery of Video Star later that day, following Video Star's owner's refusal to pay "taxes."

<u>Overt Act No. 4</u>:   Later that day, defendants PIMENTEL and SAENZ, and others known and unknown to the Grand Jury, entered Video Star, at which time an unindicted co-conspirator pointed what appeared to be a handgun at employees of Video Star.  After obtaining one red digital gambling machine, with an estimated retail value of $11,000, two black digital gambling machines, with an estimated retail value of $3,000, one Dell desktop computer, with an estimated retail value of $300, one Lenovo desktop computer, with an estimated retail value of $300, and approximately $3,500 in cash, defendants PIMENTEL and SAENZ, and others known and unknown to the Grand Jury, fled.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about April 19, 2019, in Orange County, within the Central District of California, defendants VINCENT RANDAL PIMENTEL and STEVEN GALLEGOS SAENZ, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants PIMENTEL and SAENZ, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of one red digital gambling machine, with an estimated retail value of $11,000, two black digital gambling machines, with an estimated retail value of $3,000, one Dell desktop computer, with an estimated retail value of $300, one Lenovo desktop computer, with an estimated retail value of $300, and approximately $3,500 in cash, belonging to Video Star, located at 700 East First Street, Santa Ana, California, a retail video rental business, the inventory of which travels in interstate commerce, in the presence of employees and customers of Video Star, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Counts One or Two of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

//

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office